to our last case today. A less argued case. And that is Philip Han versus the state of New York. Good morning judges of the appellate court. This is full upon representing myself in the matters at the bar. This is full upon representing myself in the matters at the bar your honor. I see but you're not on video correct? That is correct audio only. Okay just want to make sure that thing was working. Continue. Thank you your honor. May it please the court. The validity of the lower court order by McMahon is not an issue in the matters at the bar. At issue is whether the order has to be put to a jury of 12 and 6 in order to be finally in order to finally determine the facts of the matters brought to the bar in the federal district court. It appears as though only a jury can successfully challenge the finding of facts with regard to the McMahon order. What I need is for the appellate court panel of three judges to find that at the right to trial the right to have all evidence tried by a jury of 12 and 6 in the district court to include all evidence brought to the bar via the McMahon order. I believe that via my brief in support of appeal that I put enough evidence to the bar in order for the three judge appellate panel court to find that there's a right to trial of all facts by the jury of 12. And that is per the Supreme Court ruling US 237 and Slocum versus New York Life Insurance Company 228 US 364 and the 7th Amendment. From the 7th Amendment all facts are from the 7th Amendment facts are found by jury. Per Folsom a Supreme Court ruling has the same effect as a jury decision and per Slocum the Constitution states there's a right to trial of all evidence by a jury of 12. This is all the evidence that the bar would regard to the matter and I think that only one conclusion can be drawn by the members of the appellate court and that conclusion is that there's a right to trial of all facts by a jury of 12 in federal district court. Further for the New York Constitution and the first Supreme Court ruling in Slocum and the a right to trial of all facts by a jury of 12 exists via New York statutory law. Slocum was a constitutional guarantee via the 10th Amendment and Article 3 of the Constitution at the time at least. And per the New York Constitution the New York New York common law of the matter of Brenner versus Greco Realty Company 6 NY 2D 435 and New York statutory law there's a right to trial by jury of 6. Brenner is a constitutional guarantee via the 10th Amendment as how could it be anything else besides a guarantee as there's no other law to contradict it. I'm not asking the appellate court to change anything in my favor however without a determination by the appellate court that I've read to trial by a jury of 12 and or 6 I'll never be able to determine whether the McMahon order was because she did not at the time to hear my title 42 section 1983 action and issue the order as a result or whether the illegal order was issued for some other reason. Mr. Hahn? Yes your honor. You read Judge McMahon's order did you not? I beg your pardon? You read Judge McMahon's order correct? Yes I did your honor. So she didn't say she didn't have enough time she said for two important reasons you didn't you could not win. She said in addition to judicial immunity which we take very don't suggest that Judge McMahon was just tossing this off. I overlooked that your honor. I would like to note that titles 42 section 1983 does not present a catch-22 type of situation where a judge can only act in official capacity and therefore cannot be found immune via the prior Supreme Court opinions. A judge can be found to just be acting under the color of law and therefore be found in violation of title 42 section 1883. If the Supreme Court willing obscures versus United States 325 U.S. 91 is taken into account. Mr. Hahn your time has expired you have reserved one minute for rebuttal. We'll hear now from the Good morning your honors. I'm David Lawrence III. I'm an assistant solicitor general appearing on behalf of the appellees. The court correctly dismissed the complaint to sue espontaneous frivolous rather than allowing the case to proceed to a jury trial as the plaintiff suggests. In particular the 11th amendment bars all of his claims against the state and its court system and as against Judge Swooden in his official capacity. This immunity extends the plaintiff's claim here for injunctive relief which is a retrospective claim in nature. In particular the plaintiff ceased to undo the dismissal of the state court action and ordered Justice Wooden to conduct a trial of that action. Although Justice Wooden properly dismissed it the plaintiff having sued a non-suitable entity namely the New York City Fire Department and Emergency Medical Services and for plaintiff's failure to cooperate in discovery. That claim for injunctive relief does not allege an ongoing violation of federal law as would be required for ex parte young to apply. The district court also correctly held that the plaintiff's claim for damages against Justice Wooden in its individual capacity are barred by absolute judicial immunity. Both problems of the test for judicial immunity are met here. Namely Justice Wooden's act of dismissing the state action was plainly a judicial act and he plainly had jurisdiction over the state court action as the plaintiff admitted by bringing the action in Justice Wooden's court. Such immunity also bars claims as here for retrospective injunctive relief and that injunctive relief claim is also statutorily barred by the 1996 amendment to 42 USC section 1983. Since plaintiff does not allege that a declaratory decree was violated or the relief was available to him in the form of a state court appeal had he chosen to take one. The complaint is also barred here by the Rooker-Feldman doctrine. All four elements set forth by this court in Hoblock v. Albany County Board of Elections are met here. Namely the plaintiff lost in state court when his action was dismissed. He brought his present federal action after that state court dismissal. He claims he was injured by that dismissal and he asked the federal courts to review and reject the state court dismissal by requiring a jury trial of the state court action. The district court also lacked personal jurisdiction over defendants because the plaintiff failed to serve his complaint properly. Instead he simply mailed it to them which does not meet the requirements either federal or state law. Finally the complaint here fails to state any plausible federal claim based on an alleged denial of a jury trial in state court. That is true because the federal Seventh Amendment right to a jury trial does not apply to civil actions in state courts and it also does not violate the state constitutional right to a jury trial for a judge to dismiss an action for the plaintiff having sued a non-suable party or for discovery violations as Justice Wooden properly did here. Also an alleged violation of a state constitutional right cannot state a federal claim in any event. For all these reasons I ask that this court affirm the judgment of dismissal. Thank you. Thank you counsel. We'll turn to Mr. Hahn who has one minute up for rebuttal. Your honor I'd like to point out that any federal common law that is in conflict with the federal rules of civil procedure is not effective. The federal rules of civil procedures overall in common law in conflict with it per title 28 section 2072. The federal courts can gain jurisdiction over the state of New York via the Court of Claims Act which is New York statutory law and all issues affect or for a jury in the lower court and that is that issue whether I am due a jury trial by 12 and 6 in the lower court before the matters can be properly resolved regardless of whether it will ultimately prevail. And that concludes my argument your honor. Thank you Mr. Hahn. Thank you Mr. Lawrence. We will reserve decisions.